**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1290-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

LITTLE L. HARRIS, JR.,

     Defendant-Appellant.

_____

Submitted January 13, 2020 - Decided June 14, 2021

Before Judges Accurso and Enright.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 09-10-2907.

Joseph E. Krakora, Public Defender, attorney for appellant (Steven M. Gilson, Designated Counsel, on the brief).

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Lucille M. Rosano, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Little L. Harris, Jr. appeals from the September 3, 2019 order dismissing his petition for post-conviction relief (PCR) as time-barred. He claims the court erred, and this matter must be remanded for an evidentiary hearing because he "established a prima facie case of counsel's ineffectiveness for failing to provide him with full discovery and/or for failing to review the discovery with him." Because the petition is time-barred, and we rejected defendant's claim about the discovery on direct appeal, we affirm.

Defendant robbed a secure parking yard for overseas containers at the Port of Newark, where he used to work, and was recognized by two former co-workers, one of whom he shot in the neck, grievously injuring the man. Following a trial in which defendant represented himself with standby counsel, the jury convicted him of first-degree armed robbery and attempted murder, second-degree aggravated assault, unlawful possession of a handgun and possession of a handgun for an unlawful purpose, third-degree aggravated assault with a handgun and terroristic threats, and fourth-degree aggravated assault. The judge sentenced him in December 2011 to an aggregate twenty-year prison term subject to the periods of parole ineligibility and supervision required by the No Early Release Act and the Graves Act. We affirmed defendant's conviction and sentence, State v. Harris, No. A-3642-11 (App. Div.

2

Aug. 24, 2015) (slip op. at 4), and the Supreme Court denied defendant's petition for certification, 224 N.J. 123 (2016).

On July 31, 2018, more than six and a half years later, defendant filed, pro se, a first petition for PCR, alleging he received ineffective assistance from his privately-retained, stand-by counsel based on her failure to provide him "with [his] full discovery." Acknowledging he was sentenced more than five years before, defendant further claimed he could "demonstrate that extraordinary circumstances ha[d] prevented [him] from filing this Petition in a timely manner." Defendant explained "first" that he was "legally blind" and required assistance "to prepare any paperwork for the [c]ourt." "Second," defendant claimed to have "mental health issues which significantly hamper" him, noting he was then housed on the medical unit of South Woods State Prison. And "third," defendant claimed he was "bounced repeatedly from prison to prison" and had "never been settled enough in one place to get the assistance [he] needed to file a PCR." Appointed counsel filed an amended petition and supplemental certification focusing on the same point of stand-by counsel having not provided defendant the discovery he needed in order to defend himself at trial.

After hearing argument, Judge Petrolle denied the petition without an evidentiary hearing. In a concise yet comprehensive written opinion, the judge

explained that under Rule 3:22-12(a)(1)(A), a first petition for PCR must be filed no more than five years after entry of the judgment of conviction "unless it alleges facts showing that the delay beyond said time was due to defendant's excusable neglect and that there is a reasonable probability that if the defendant's factual assertions were found to be true enforcement of the time bar would result in a fundamental injustice." The judge found defendant failed to establish either requirement.

Judge Petrolle characterized defendant's reasons for his failure to file the petition within five years of his conviction as "general, conclusory claims devoid of . . . specific facts" explaining his delay or why it should be excused. See State v. Cummings, 321 N.J. Super. 154, 166 (App. Div. 1999) (holding conclusory statements about a petitioner's difficulties reading and writing do not establish excusable neglect); see also State v. D.D.M., 140 N.J. 83, 100 (1995) (emphasizing the need for a petitioner alleging excusable neglect based on a mental condition to adduce specific facts demonstrating how that condition prevented petitioner from pursuing relief either on direct appeal or within the five years provided for a PCR petition). The judge noted "defendant's mental and visual conditions have persisted throughout the proceedings" and did not prevent him from being declared competent to represent himself at trial or

A-1290-19

impede his ability to file motions and supplemental briefs in the trial court or on appeal.

Judge Petrolle also noted "the volume and frequency" of PCR petitions regularly filed in our courts speaks to the ready availability of forms for such applications and the assistance to complete them in the State's prisons, and that defendant did not explain how it was that none of that assistance was available to him. The judge observed defendant "does not appear to have encountered any impediment in procuring and preparing other pleadings in a timely fashion despite his incarceration in jail during his trial and in prison during his direct appeal and application for certification before the Supreme Court," and his "claim of transfers among various prisons is unsupported by . . . any specific facts."

The judge also determined that even had defendant established excusable neglect, which he didn't, there was no reasonable probability that enforcement of the time bar would result in a fundamental injustice given defendant's claim was premised on his counsel's failure to provide him with discovery before trial. The judge found we addressed, and rejected, that claim on direct appeal, noting "stand-by counsel represented in open court she had twice delivered discovery and transcripts to defendant-petitioner, . . . the trial judge ensured delivery, and

5

the defendant-petitioner acknowledged receipt of discovery and transcripts as well as review of surveillance camera footage in open court."  See Harris, slip op. at 12-13.  The judge further noted our finding that the trial judge had thereafter acceded to defendant's request to adjourn the trial for two months specifically to allow defendant to review discovery and prepare to represent himself at trial.[1]  See id. at 16-17.  Accordingly, the judge found Rule 3:22-5 barred defendant's reliance on that claim on PCR.  See State v. McQuaid, 147 N.J. 464, 484 (1997) (instructing courts to deny PCR on claims previously adjudicated on the merits on direct appeal).

---

[1]  As for the claim that stand-by counsel failed to review discovery with defendant, we note that defendant was so intent on representing himself at trial that he refused "to leave the holding cell several days [before the first day of trial] for a pre-trial hearing on motions for adjournment and for a competency hearing unless his defense counsel was barred from the courtroom."  See Harris, slip op. at 17.  Although he eventually worked cooperatively with stand-by counsel, he absented himself from the first day of trial, refusing to be present in the courtroom if she was, "despite the court's repeated instruction that she would sit in the back of the courtroom and do nothing unless he asked her to."  Id. at 18-19.  Besides noting the two-month adjournment the judge permitted defendant to review the discovery to prepare to represent himself at trial, we also noted the care the judge took in explaining to him that he would not be able to seek post-conviction relief alleging ineffective assistance of counsel in the event of a conviction should he elect that option, see State v. King, 210 N.J. 2, 19 (2012), and that the record revealed defendant to be "an intelligent person pursuing a deliberate course," Harris, slip op. at 23-24.

A-1290-19

Defendant appeals, reprising the arguments he made to the trial court, which we reject as without sufficient merit to warrant discussion in a written opinion. See R. 2:11-3(e)(2). Having reviewed defendant's allegations in light of the applicable law, we agree defendant's petition is time-barred and affirm its denial substantially for the reasons set forth in Judge Petrolle's cogent and well-reasoned opinion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1290-19